UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALD SMITH                                              CIVIL ACTION NO.

VERSUS

CITY OF ST. GABRIEL

## COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT**, Middle District of Louisiana, comes your complainant, **RONALD SMITH**, who seeks redress for civil rights violations, and other pertinent state law claims, who respectfully represents the following:

### JURISDICTION

**I.**

Jurisdiction for this Court is invoked pursuant to 28 U.S.C. Section 1331 (federal question) and 28 U.S.C. Section 1367 affording supplemental jurisdiction over Complainant's claims arising under the constitution and laws of the State of Louisiana, particularly but not limited to any and all laws governing tort.

### VENUE

**II.**

Venue is proper pursuant to 28 U.S.C. Section 1391.

## PARTIES

### III.

Complainant herein is:

**RONALD SMITH**, a person of the full age of majority and domiciled at the time of this incident subject of this litigation, in the Parish of Iberville, State of Louisiana.

### IV.

The defendants herein are:

**CITY OF ST. GABRIEL**, herein referred to as "City", a municipality and political subdivision organized under the laws of the State of Louisiana located in Iberville Parish, State of Louisiana.

## FACTS AND CAUSE OF ACTION

### V.

At all times pertinent hereto, Complainant was an "employee" of Defendants within the meaning and intent of Federal and Louisiana law.

### VI.

It is alleged upon information and belief, that the Defendant qualifies as an employer pursuant to 29 U.S.C. Section 1002 and Section 1161.

## VII.

In January 1997, the Petitioner, Mr. Smith, was hired by the Town Council of the City to be employed in the Department of Public Works.

## VIII.

As a part of its employee benefit package, the City provided a policy of group health insurance to its employees.

## IX.

The Complainant participated in the City's employer –sponsored health benefit plan and paid regular premiums for such coverage, which were deducted from his paycheck.

## X.

Complainant and his wife, Darlene Smith, suffer from numerous health problems and both have undergoing substantial medical treatment since 2004.

## XI.

After years of outstanding service, Mr. Smith was injured while in the course and scope of his employment with the City on or about August 6, 2013.

## XII.

Mr. Smith contends that he never received valid conditions to return to work from his treating physician; however, on or about December 1, 2014, after sixteen (16) months out of work, Mr. Smith's employment with the City was terminated by the Mayor, Lionel Johnson, Jr., by correspondence forwarded to Mr. Smith (See Complainant's Exhibit #1).

### XIII.

The City's reason for terminating Mr. Smith is pretextual.

### XIV.

Upon information and belief, Mr. Smith was terminated by the City because of extensive costs incurred by the Defendant as a result of Mr. Smith's worker's compensation claim and Mr. Smith's wife utilization of the City's health benefits in violation of 29 USC Section 1140.

### XV.

Mr. Smith's termination was a qualifying event pursuant to 29 USC Section 1163.

### XVI.

At the time of, and subsequent to, Mr. Smith's termination, he was not provided with written notice of his rights to continue health benefits as required by 29 USC Section 1166.

### XVII.

The actions of the Defendants were extreme and outrageous, sudden and unexpected and caused the Petitioner extreme emotional distress.

### XVIII.

Petitioner is entitled to and desires an award of attorney's fees pursuant to Federal and Louisiana law against the Defendant.

### XIX.

Petitioner is entitled to and desires an award of costs, including litigation expenses, pursuant to Federal and Louisiana law against the Defendant.

## XX.

Petitioner is entitled to and desires an award of equitable and/or injunctive relief as deemed appropriate by this Court pursuant to Federal and Louisiana law.

## XXI.

Petitioner requests a trial by jury as to all issues triable.

WHEREFORE, petitioner, **RONALD SMITH**, prays that after due proceedings had and the expiration of all legal delays herein, that there be judgment in favor of petitioner, and against the defendants for all sums as are reasonable under the premises, punitive damages as allowed by law, liquidated damages as allowed by law, attorney's fees, all costs of these proceedings, legal interest thereon from the date of judicial demand until paid, and all such other relief to which Petitioner is entitled at law or equity.

RESPECTFULLY SUBMITTED:
**HAYMER LAW FIRM**
315 East Boulevard
Baton Rouge, Louisiana 70802
Telephone: (225) 343-8889

By:  s/ Niles B. Haymer
NILES B. HAYMER
BAR ROLL NO.: 28601